Joseph K. Powers (JP-5504)
J. Gregory Lahr (JL-9969)
SEDGWICK LLP
125 Broad Street, 39th Floor
New York, NY 10004-2400
Tel. 212.422.0202
Fax. 212.422.0925
joseph.powers@sedgwicklaw.com

**TRIAL BY JURY DEMANDED**

*Attorneys for ACE American Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MACLAREN EUROPE LIMITED,<br><br>    Plaintiff,<br><br>  -against-<br><br>ACE AMERICAN INSURANCE COMPANY a/k/a ACE USA,<br><br>    Defendant. | Civil Action Number:<br>11-cv-04688<br><br>**ANSWER & AFFIRMATIVE DEFENSES** |

Defendant ACE American Insurance Company ("ACE"), by and through its attorneys, Sedgwick LLP, as and for its Answer to the Complaint of Maclaren Europe Limited ("MEL"), states as follows:

1.   ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint and thereby denies them.

2.   ACE denies the allegations contained in paragraph "2" of the Complaint but admits that it is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania that maintains offices in the County, City and State of New York.

3.   ACE denies the allegations contained in paragraph "3" of the Complaint except admits that, on or around April 17, 2006, ACE renewed coverage to MEL under International Commercial Insurance Policy No. PHFD 36824268 covering the renewal period from April 10, 2006 to April 10, 2007, subject to cancellation for non-payment of premium.

4. The allegations contained in paragraph "4" of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, ACE respectfully refers the Court to the terms of the Policy with respect to the scope of legal obligations created thereunder.

5. ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint and thereby denies them.

6. The allegations contained in paragraph "6" of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, ACE is without knowledge or information sufficient to form a belief as to the truth of the allegation that Sahgner Risk Managers LLC ("Sahgner") procured the Policy from Program Brokerage Corporation ("PBC") at its offices in New York, New York and respectfully refers the Court to the terms of the Agency Company Agreement between ACE and PBC with respect to the scope of legal obligations created thereunder.

7. Upon information and belief, ACE denies the truth of the allegations contained in paragraph "7" of the Complaint.

8. ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint and thereby denies them.

9. The allegations contained in paragraph "9" of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, ACE is without knowledge or information sufficient to form a belief as to their truth and thereby denies them.

10. The allegations contained in paragraph "10" of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, ACE denies them upon information and belief except admits that it sent an email

to MEL's broker dated February 11, 2009, confirming the prior cancellation of the Policy effective July 10, 2006.

11. The allegations contained in paragraph "11" of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, ACE denies them.

**AS TO MEL'S CLAIM FOR DECLARATORY JUDGMENT**

12. ACE repeats and reiterates each of its response to paragraphs "1" through "11" of the Complaint as if set forth herein at length.

13. The allegations contained in paragraph "13" of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, ACE denies them.

14. ACE denies the allegations contained in paragraph "14" of the Complaint but admits that it is making the contention in this action that the Policy was validly cancelled for non-payment of premium effective July 10, 2006, and that it has no responsibility for occurrences arising between July 10, 2006 and the end of the original policy period on April 10, 2007.

15. ACE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint and thereby denies them.

16. The allegations contained in paragraph "16" of the Complaint assert matters of law as to which no response is required.

17. The allegations contained in paragraph "17" of the Complaint assert matters of law as to which no response is required. To the extent that the allegations are deemed to allege matters of fact, ACE denies them.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The provisions of the Policy pertaining to cancellation provide as follows in pertinent part:

> Either you or we can cancel this policy at any time.
>
> *Your Cancellation*
>
> You can cancel this policy by sending us written notice of the future date you want the coverage to end. We will then refund on a pro rata basis any unearned portion of the premium you paid.
>
> *Our Cancellation*
>
> We can cancel this policy by sending to you, at your address shown in the Declarations, notice of the effective date of cancellation. We must do this at least 90 days prior to the cancellation date, unless we are cancelling the policy because you failed to pay your premiums. In that case, we will give you only 10 days notice. Mailing or delivery of the notice will be proof that you were informed of the cancellation. We will also notify any mortgagee shown in the Declarations.
>
> We will then refund on a pro rata basis any unearned portion of the premium you paid.
>
> We may refund the unearned premium at the time of cancellation, or as soon as reasonably possible after the cancellation. However, regardless of when you receive the refund, the cancellation of the policy will take effect as explained above.

ACE complied with the above provisions in effectuating a valid cancellation of the Policy for non-payment of the premium with effect from July 10, 2006.

4

### THIRD AFFIRMATIVE DEFENSE

The General Conditions of the Policy include the following provision:

*Conformity with Law*

If any of the terms of this policy (and forms attached to it) conflict with any law of the state in which the policy is issued, the policy is amended to conform to such law.

The terms of the Policy as they relate to cancellation do not "conflict" with the laws of New York, Connecticut or any other state that is ultimately determined to be "the state in which the policy is issued."

### FOURTH AFFIRMATIVE DEFENSE

Sahgner acted as a retail broker and the exclusive agent of MEL with respect to the placement of the Policy and payment of premium. ACE did not deliver the Policy to Sahgner and Sahgner did not act as its agent with respect to the collection of the premium.

### FIFTH AFFIRMATIVE DEFENSE

ACE issued International Advantage Commercial Insurance Policy No. PHFD36824268 (the "Policy") to MEL and Maclaren Hong Kong, as the named insured. The Policy was originally issued to cover the period from April 10, 2006 to April 10, 2007 but was cancelled effective July 10, 2006, for nonpayment of premium. The Policy affords Commercial General Liability Coverage up to a limit of $2,000,000 each occurrence and $2,000,000 in the aggregate for products completed operations coverage.

### SIXTH AFFIRMATIVE DEFENSE

The coverage under the Policy is limited to occurrences, claims and suits arising outside the United States. The Policy is designated as an "International Advantage Commercial Insurance Policy." The insuring agreement specifically provides that, "The 'occurrence' must take place in the 'coverage territory.'" The term "coverage territory" is generally defined as

5

meaning "Coverage Territory for Liability Insurances" shown in the Declarations which, in turn, describes the coverage territory generally as "ANYWHERE IN THE WORLD" with the exception of "the United States of America (including its territories and possessions) and Puerto Rico," and excludes certain other jurisdictions as well. The Policy also contains a US Suits Exclusion precluding coverage for suits brought in the United States.

## SEVENTH AFFIRMATIVE DEFENSE

The Disputed Claims referenced in the Complaint fall outside of, or are otherwise defeated by, the terms, conditions, limitations and exclusions of the Policy.

## EIGHTH AFFIRMATIVE DEFENSE

ACE had no duty to defend MEL with respect to the Disputed Claims referenced in the Complaint and has no duty to indemnify MEL with respect to any judgments or settlements relating to the Disputed Claims.

## NINTH AFFIRMATIVE DEFENSE

The Complaint fails to allege the circumstances relating to the Disputed Claims referenced in the Complaint with sufficient particularity to enable ACE to determine whether it may have additional defenses in this action and ACE reserves the right to assert such additional defenses as are ascertained through discovery.

## TENTH AFFIRMATIVE DEFENSE

Upon information and belief, the claims of MEL are barred, in whole or in part, by the doctrines of waiver, estoppel and unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, the claims of MEL are barred, in whole or in part, by the doctrine of laches and by the applicable statute of limitations.

NY/755364v1

WHEREFORE, defendant ACE American Insurance Company requests entry of a judgment declaring that it has no obligation to defend or indemnify Maclaren Europe Limited with respect to the Disputed Claims referenced in the Complaint, denying all relief requested by Maclaren Europe Limited in its Complaint, dismissing the Complaint with prejudice, and awarding ACE American Insurance Company its costs, disbursements and attorney's fees, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      November 28, 2011

                        Respectfully submitted,

                        SEDGWICK LLP

          By:    /s/ Joseph K. Powers
                        Joseph K. Powers (JP5504)

                        125 Broad Street, 39th Floor
                        New York, New York 10004-2400
                        Telephone: (212) 422-0202
                        Facsimile: (212) 422-0925

                        *Attorneys for Defendant*
                        *ACE American Insurance Company*

## **CERTIFICATE OF SERVICE**

I, JOSEPH K. POWERS, HEREBY CERTIFY that on November 28, 2011, a copy of the foregoing Answer and Affirmative Defenses to the Complaint was served using the Court's CM/ECF system, with electronic and regular mail notice of such filing to:

>Paul S. Hugel
>CLAYMAN & ROSENBERG LLP
>305 Madison Avenue—Suite 1301
>New York, New York 10165
>P: (212) 922-1080
>F: (212) 949-8255
>*Attorneys for Plaintiff*
>*Maclaren Europe Limited*
>hugel@clayro.com

>/s/ Joseph K. Powers
>Joseph K. Powers