# Sedgwick LLP

ATTORNEYS AT LAW

126 BROAD STREET, 39TH FLOOR   NEW YORK, NY 10004-2400

www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

*J. Gregory Lahr*
(212) 898-4014
gregory.lahr@sedgwicklaw.com

March 16, 2012

*Via Facsimile 212-805-7901*
Honorable Harold Baer
United States District Court
Southern District of New York
500 Pearl Street, Chambers 2230
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/12
```

    Re:    *Maclaren Europe Limited v. ACE American Insurance Company*
            Case No. 11-cv-04688-HB
            Our File No.: 1560-007753

Dear Judge Baer:

We represent ACE American Insurance Company ("ACE") and are writing respectfully with regard to ACE's deposition notice of Plaintiff pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and to seek permission to move to compel Plaintiff to produce another witness with knowledge of the subjects of examination listed in the deposition notice, which is attached hereto.

ACE's deposition notice was served on December 14, 2011, for the deposition to occur on January 13, 2012. Because Plaintiff had not yet produced documents, and at Plaintiff's request, the deposition was adjourned to February 28, 2012. As that date got closer, Plaintiff again requested an adjournment of the deposition to March 7, 2012, which is the date the deposition was conducted.

As the Court will recall, this case involves the propriety of ACE's cancellation notice with respect to a liability policy issued to Maclaren Europe Limited ("MEL") for the 2006-2007 policy period. The policy had been procured by individuals employed by MEL's corporate affiliate, Maclaren USA, Inc. ("MUSA"), through its retail broker, Sahgner Risk Managers ("SRM"), and its wholesale broker, Program Brokerage Corp. ("PBC"). The policy was issued to MUSA's address in Norwalk, CT, as was the cancellation notice. According to documents produced by Plaintiff, individuals employed by Acela, Ltd. – a company that provides business services to MEL and other companies owned and/or operated by Farzad Rastegar, and shares office space with MEL in the Long Buckby building in Northamptonshire, England -- also were involved in the procurement of the ACE policy.

In view of Plaintiff's claims in this action, and ACE's defenses, the Rule 30(b)(6) deposition notice required Plaintiff to produce an individual who is knowledgeable of: (1) the ACE policy at issue and prior ACE policies covering MEL; (2) MEL's insurance procurement practices during the relevant time period; (3) the corporate structure of MEL during the relevant time period; (4) the ownership and control of MEL during the relevant time period; (5) the relationship between MEL and MUSA, as well as the other corporate affiliate Maclaren Hong Kong ("MHK") (which also was covered by the ACE policy); (6) MEL's

Honorable Harold Baer
March 16, 2012
Page 2

relationship with SRM and PBC, and relevant communications with these brokers; (7) the cancellation notice issued by ACE; and (8) the alleged payment made by MEL for the ACE policy.

Plaintiff produced as its corporate designee Sadiq Toama, who began his employment at MEL in April 2011 as the Legal and Compliance Director. Prior to that he was a solicitor at a firm that worked on MEL product liability cases. Mr. Toama testified that he only "scanned" the deposition notice and subjects of examination the day before the deposition, and only reviewed MEL's document production the day before the deposition to prepare himself. He admitted that he did nothing else – no other document review and no discussions with any individuals – to prepare himself for the deposition. Naturally, he could not respond to any of our questions relating to the subjects of examination, his excuse being that he was not employed at MEL at the time, and would need to inquire with individuals in the finance and human resources departments – which are services provided by Acela. He was not even aware of exactly how Acela came to provide services to MEL, as he had not reviewed the MEL-Acela contract. He had no knowledge of MEL's structure during 2005-2006, its ownership and control, or its insurance procurement practices. He could not testify knowledgably about the $45,000 payment made by MEL to SRM in February 2006, or anything else regarding MEL's relationship or communications with SRM. Furthermore, he knew nothing about the ACE policy, or even how it got into MEL's files, or the cancellation notice issued by ACE. When questioned about his sworn Declaration dated October 6, 2011, submitted as part of MEL's opposition to ACE's motion to dismiss, in particular the statement that, "Mr. Rastegar is not a director of MEL, nor has he been a director of MEL at any time germane to this suit," he admitted that he did not review any documents or discuss that issue with any individual, despite that he was not employed by MEL "at any time germane to this suit," thereby calling into serious question the accuracy of that sworn statement. In short, Plaintiff completely failed to provide a witness with knowledge of the subjects of examination, and the deposition was a nullity.

On March 9, 2012, two days after the deposition, we communicated with Plaintiff's counsel to advise him of the deficiency of the corporate designee, and requested that another witness be produced. Plaintiff's counsel responded on March 14, 2012, indicating that he disagreed with our assessment of Mr. Toama, and that our complaints of him as a witness are "utterly baseless." Plaintiff refuses to produce another witness.

In view of the foregoing, ACE respectfully requests permission to file a motion to compel on this issue. Federal case law, especially case law in the Second Circuit and the Southern District of New York, is clear about what a party's obligations are in producing a knowledgeable witness in response to a Rule 30(b)(6) deposition notice, and the consequences for failing to do so. The transcript will demonstrate that Plaintiff completely failed to adhere to its obligations. As a result, ACE also respectfully requests permission to move for a protective order with respect to producing its corporate designee until such time that Plaintiff has complied with its obligations. Plaintiff should not be permitted to take advantage of its failure to produce a knowledgeable witness and try to depose ACE on the issues in this litigation without first providing its own meaningful responses.

Respectfully submitted,

/s/ J. Gregory Lahr

J. Gregory Lahr
Sedgwick LLP
cc: Paul Hugel, Esq. (via email)

NY/849483v1

Endorsement:

1. I'll look at transcript to see if Toama sounds like an adequate 30(b)(6) witness.

2. There will be no protective order but rather the deposition scheduled for this week will proceed next week.

3. Keep in mind your case in on the October trailing trial calendar and will proceed at that time.

4. Keeping that in mind and with a memo telling the final timetable the adjournment is granted to May 11.

5. If can't work all out this by March 29 call Chambers for a pre trial conference.