# WHITMAN BREED ABBOTT & MORGAN LLC
## ATTORNEYS AT LAW

500 WEST PUTNAM AVENUE
P.O. BOX 2250
GREENWICH, CONNECTICUT 06830

203-869-3800
TELECOPIER: 203-869-1951

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/12

WRITER'S E-MAIL ADDRESS:
jshaban@wbamct.com

WRITER'S DIRECT DIAL NUMBER:
(203) 862-2362

May 9, 2012

**VIA FACSIMILE AND U.S. MAIL**
Honorable Harold Baer, Jr.
United States District Judge
United States Courthouse
500 Pearl St.
Chambers 2230
New York, NY 10007-1312

Re:  *Maclaren Europe Limited v. ACE American Insurance Company*
     *Case Number: 11-CV-04688-HB*

Dear Judge Baer:

This office has just been retained by Quarter Moon, Inc. ("QMI") and Garda, LLC ("Garda") (collectively, the "Third-Party Entities") in connection with certain subpoenas served by the defendant in the above-referenced action, Ace American Insurance Company a/k/a Ace USA ("Ace"), in late April 2012. The "Subpoenas" seek the production of all documents regarding Maclaren USA, Maclaren Europe Limited, and/or Maclaren Hong Kong (together "Maclaren"), and are attached hereto.

We understand that the underlying case is an insurance coverage dispute between Maclaren Europe Limited ("MEL") as the insured and Ace as its insurer. We also understand that Ace is claiming that it properly cancelled the policy at issue and that it provided proper notice of cancellation pursuant to the terms of the policy in June 2006 – a claim MEL denies. The theory upon which Ace has served its Subpoenas is uncertain. Indeed, despite the Third-Party Entities being unaffiliated with Maclaren, Ace seeks to compel from them a huge array of irrelevant documents by May 10, 2012.

Accordingly, and pursuant to Your Honor's rules, we submit the within letter on behalf of the Third-Party Entities to request that the Subpoenas be ruled facially invalid and/or otherwise quashed for the three reasons stated below. Alternatively, we ask that the Subpoenas be drastically limited, and that the Third-Party Entities be given an additional 60 days to respond and/or produce responsive materials.

WHITMAN BREED ABBOTT & MORGAN LLC

Honorable Harold Baer, Jr.
United States District Judge
May 9, 2012
Page 2

### 1. The Subpoenas are Facially Invalid

At the outset, Ace issued the Subpoenas out of the Southern District of New York, served them upon two entities located in Portsmouth, Rhode Island, and seek to compel these Rhode Island companies to produce documents in New York City nearly 200 miles away. Pursuant to Fed. R. Civ. Pro 45(b), the Subpoenas are thus unenforceable. *See e.g. Rafter v. Bank of Amer.* 2006 U.S. Dist. LEXIS 85218 (SDNY 2006). For this reason alone, the Subpoenas should be quashed.

### 2. The Subpoenas Target Entities That are Unrelated to the Underlying Action

Next, neither QMI nor Garda are related to the MEL business involved in the insurance coverage dispute. The Maclaren companies make and distribute baby strollers, and the underlying insurance dispute derives from claims related to those products. QMI, on the other hand, makes sailboats, whereas Garda is a four-man office support/IT company. While QMI and Garda are affiliated, Maclaren and the Third-Party Entities are not affiliated in either business operations or control. (Garda, however, has provided Maclaren with office and IT services via a services contract.) Moreover, both QMI and Garda were formed in 2007 -- i.e., after the relevant time period for the underlying action. For all of these reasons, the Subpoenas should be quashed.

### 3. Ace's Requests are Unduly Burdensome, Vastly Overbroad, and Seek Irrelevant Materials

Lastly, the Subpoenas impose document demands that are patently vague, vastly overbroad and are not tailored to the insurance coverage issue in the underlying case. Moreover, in the case of Garda, requests of this scope could trigger a production of thousands of documents -- none of which would deal with the insurance claim or policy at issue -- because Garda has done and continues to do IT and HR support for two of the Maclaren entities. Moreover, and perhaps most importantly, Ace can acquire the same information directly from MEL through normal discovery. The Subpoenas should thus be quashed as a flailing effort to impose needless and blunderbuss discovery on parties unrelated to the underlying dispute.

\* \* \*

Alternatively, should the Court rule that the Subpoenas are valid, the Third-Party Entities respectfully request that the document demands therein be limited to require the production of information relating to the policy at issue, and that the Third-Party Entities be given 60 days to locate any such materials and respond accordingly.

152078

WHITMAN BREED ABBOTT & MORGAN LLC

Honorable Harold Baer, Jr.
United States District Judge
May 9, 2012
Page 3

      We thank the Court in advance for its consideration of the within request.

      Respectfully Submitted,

      *John T. Shaban*
      John T. Shaban

JTS:cel
Enclosures

cc:  Paul Scott Hugel, Esq.
     J. Gregory Lahr, Esq.
     Thomas Robert Orofino, Esq.
     Joseph K. Powers, Esq.

*[Handwritten note from Judge:] the subpoenas did [seem?] to me broad in the first instance and that they lack an end period and that need to [be addressed?] the better thought out, but obviously if you don't sit to discuss it, no narrowing will take place. Secondly you can always move to [quash?] but surely there was no objection to service you may prefer to resolve that matter between yourselves — if this doesn't work you can ask me to [arrange?] a conference, ask me to [assign?] a magistrate judge to resolve the issue whatever suits you best, but now you could not submit me with any [more?] S May 31.*

SO ORDERED:

*Harold Baer*
Harold Baer, Jr., U.S.D.J.
5/10/12

152078

Endorsement:

    The subpoenas are far too broad in the first instance. They lack any period and that needs to be better thought out but obviously if you don't ask to discuss it, no narrowing will take place. Secondly, you can always move to quash but since there was no objection to services you may prefer to resolve the matter between yourselves - if this doesn't work you can call and arrange a conference, ask me to assign a Magistrate Judge to resolve the issue whatever tell me how you come out before months end, i.e., May 31.