IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MACLAREN EUROPE LIMITED,<br><br>               Plaintiff,<br><br>   -against-<br><br>ACE AMERICAN INSURANCE COMPANY,<br>a/k/a ACE USA,<br><br>              Defendant. | Index No.: 11-cv-4688 (HB) |

## DECLARATION OF PATRICIA THOMPSON

PATRICIA S. THOMPSON, pursuant to 28 U.S.C. § 1746(2), declares under penalty of perjury that the following is true:

1.     I am a Home Office Referral Underwriter and Assistant Vice President for Foreign Casualty at ACE American Insurance Company ("ACE") in Philadelphia, Pennsylvania. I have personal knowledge of the facts stated herein, except where I have indicated that my testimony is based upon information and belief.

2.     I submit this Declaration in support of ACE's motion for summary judgment.

3.     I have been employed by ACE since 1999; however, from 1989 to 1999 I was employed with CIGNA, which was acquired by ACE in 1999.

4.     From 1989 to 1994 I was an underwriting assistant.

5.     In 1995 I became an underwriter in the international underwriting group in Wilmington, DE, for the International Advantage Package Policy, which is the type of policy that was issued to Maclaren Europe Limited ("MEL").

6.      In 2004, I became a Team Leader in the international underwriting group, and supervised approximately three underwriters in Wilmington, DE, who serviced the regions of Los Angeles, San Francisco, Houston, Dallas, and Chicago.

7.      In 2006, I became a regional underwriting manager responsible for the Los Angeles and San Francisco area, and in 2007 I was promoted to Assistant Vice President ("AVP"), and was still located in Wilmington, DE.

8.      In May 2010, I became a Home Office Referral Underwriter, and continued to be an AVP.  I am assigned to Los Angeles, San Francisco, Houston, New York, and Boston, and work on a group of policies called Controlled Master Programs, which includes the International Advantage Policy as well as others.

9.      In view of the length of my employment at ACE, my involvement in the international underwriting group, and my knowledge of the International Advantage Policy, I was designated as ACE's corporate designee and appeared for a deposition on April 24, 2012.

10.     The purpose of this Declaration is to provide further information on subjects that I was not fully questioned about during my deposition, including ACE's underwriting process, the cancellation procedure, and the underwriting of the three policies that covered MEL.

11.     ACE was first approached about providing CGL insurance for certain entities that included Maclaren Europe Limited ("MEL") and Maclaren USA, Inc. ("MUSA") on March 9, 2004, when it received an email and an application from a wholesale broker named AMW Ougheltree & Associates ("Ougheltree").  A true and correct copy of the email and application that was submitted to ACE was marked at my deposition and is attached hereto as Exhibit A. The application also mentions an entity named Maclaren Hong Kong Limited ("MHK").

12.     The email advised that Maclaren was a stroller manufacturer "that set up separate company in USA that imported directly to USA called Maclaren USA." The email advised that Maclaren wanted a worldwide policy that would cover "suits brought in USA for claims occurring in USA" as well as "claims brought in foreign lands occurring in Europe."

13.     The application submitted with the email contains a box entitled "NAME (First Named Insured & Other Named Insureds) in which MEL was named first. A second box entitled "MAILING ADDRESS INCL ZIP + 4 (of First Named Insured)" was filled in with "Tom Zarem, 4 Testa Place, South Norwalk CT 08854." Accordingly, Maclaren's brokers designated a Connecticut address as MEL's mailing address.

14.     ACE as an insurance company does not write such global liability policies, and the ACE International Advantage Group to which the application had been submitted only writes liability coverage for overseas occurrences.

15.     Accordingly, ACE made a proposal to insure MUSA, MEL, and MHK for such foreign exposures. Although MUSA was importing strollers into the United States, it stood to benefit from this coverage in the event one of its strollers was taken overseas by a purchaser and became involved in an accident involving an alleged stroller defect.

16.     On March 12, 2004, ACE issued International Advantage Commercial Insurance Policy No. PHF069994 (the "2004 Policy") from its office in Wilmington, DE and mailed it to Ougheltree as the producing broker at its New Jersey address. The 2004 Policy named MEL and MUSA as named insureds and listed "4 Testa Place, South Norwalk, CT 08854" as the mailing address pursuant to the instructions in the application. A true and correct copy is attached as Exhibit B.

17.     Without explanation as to why, Ougheltree instructed ACE on June 29, 2004, to remove MUSA as a named insured on the 2004 Policy and to add MHK.  On August 23, 2004, ACE added MHK as a named insured but neglected to delete MUSA.

18.     Significantly, Ougheltree issued an email on September 10, 2004, repeating its request to have MUSA removed as a named insured and attaching an ACORD Commercial Policy Change Request.  A true and correct copy of the email and ACORD form that were submitted to ACE is attached as Exhibit C.

19.     The ACORD form repeats the broker's prior request to remove MUSA as a named insured.  Nonetheless, in the box for the insured's name it listed MEL, while in the box designated "Insured's Mailing Address if Changed," it continued to provide the address of "4 Testa Place, Norwalk CT 06854."  Accordingly, the Connecticut mailing address on the Policy was not amended.

20.     Effective September 10, 2004, ACE deleted MUSA as a named insured on the 2004 Policy and, consistent with the ACORD form, continued to list the Connecticut address as the mailing address for the Policy.

21.     On March 30, 2005, ACE issued International Advantage Policy No. PHF074674 (the "2005 Policy") to MEL and MHK from its offices in Wilmington, DE.  The 2005 Policy was a renewal policy that was mailed to PBC at its New York City address.  This Policy was issued to MEL, as the first named insured, at the Connecticut mailing address of MUSA.  A true and correct copy is attached as Exhibit D.

22.     By Endorsement No. 9, ACE extended the term of the 2005 Policy to April 10, 2006, for an additional premium charge of $2,763.

23.     On February 15, 2006, PBC submitted a renewal application to ACE for the foreign liability policy. This application was for the policy that was ultimately cancelled for non-payment of premium. A true and correct copy is attached as Exhibit E.

24.     In the box designated "NAME (First Named Insured & Other Named Insureds)" of this application," PBC designated MEL first and then MHK. In the box designated "MAILING ADDRESS INCL ZIP + 4 (of First Named Insured)," PBC listed the address "4 TEST[A] PLACE, SOUTH NORWALK, CT 06854."

25.     After negotiating terms of the renewal policy with PBC, a binder was issued by ACE on April 11, 2006, for a premium of $25,311 and lower product liability limits of $2,000,000 each occurrence and in the aggregate.

26.     On April 17, 2006, ACE issued International Advantage Commercial Insurance Policy No. PHFD36824268 (the "Subject Policy") from its offices in Wilmington, DE. A true and correct copy of the Subject Policy that was issued by ACE is attached as Exhibit F.

27.     The Subject Policy affords Commercial General Liability Coverage up to a limit of $2,000,000 each occurrence and $2,000,000 in the aggregate for products completed operations coverage. The Subject Policy was issued for the period from April 10, 2006 to April 10, 2007. The Subject Policy expressly provides that the United States is not part of the Policy's "Coverage Territory." It also contains a US Suits Exclusion precluding coverage for suits brought in the United States. The General Conditions of the Subject Policy include the following provision:

> Conformity with Law
>
> If any of the terms of this policy (and forms attached to it) conflict with any law of the state in which the policy is issued, the policy is amended to conform to such law.

28.     The Subject Policy was mailed to PBC at its address in New York.  This Policy was issued to MEL as the first named insured, using the Connecticut mailing address listed in the application.

29.     A notice sent with the Subject Policy advised that the premium was due to ACE thirty (30) days after the effective date of the Policy, which in this case was May 30, 2006.  See Exhibit F.

30.     The premium for the Subject Policy was not received by ACE by the May 30, 2006 deadline.  In accordance with its protocols, ACE would have contacted PBC by telephone or email to inquire about the status of payment and sent a delinquency notice to PBC.  Payment was not made.

31.     As reflected in Exhibit F, the provisions of the Policy pertaining to cancellation provide as follows in pertinent part:

> Either you or we can cancel this policy at any time.
>
> Your Cancellation
>
> You can cancel this policy by sending us written notice of the future date you want the coverage to end.  We will then refund on a pro rata basis any unearned portion of the premium you paid.
>
> Our Cancellation
>
> We can cancel this policy by sending to you, at your address shown in the Declarations, notice of the effective date of cancellation.  We must do this at least 90 days prior to the cancellation date, unless we are cancelling the policy because you failed to pay your premiums.  In that case, we will give you only 10 days notice.  Mailing or delivery of the notice will be proof that you were informed of the cancellation.  We will also notify any mortgagee shown in the Declarations.
>
> We will then refund on a pro rata basis any unearned portion of the premium you paid.

> We may refund the unearned premium at the time of cancellation, or as soon as reasonably possible after the cancellation. However, regardless of when you receive the refund, the cancellation of the policy will take effect as explained above.

32.     According to these Policy provisions, ACE can effectuate a cancellation of the Policy for non-payment of premium by sending notice of the effective date of cancellation to MEL at its address shown in the Declarations (*i.e.*, the Connecticut business address of its affiliate MUSA) at least ten days before the effective date of cancellation. The Policy further provides that, either "[m]ailing *or* delivery of the notice *will be proof* that you were informed of the cancellation." (Emphasis added). According to this provision, evidence of delivery to the U.S. Postal Service establishes effective notice of cancellation to the insured.

33.     With the premium still outstanding as of two and a half months after inception, ACE issued a Cancellation Notice dated June 27, 2006, which stated that cancellation would become effective on July 10, 2006, if the premium was not paid as of that date. A true and correct copy of the Cancellation Notice issued to MEL on June 27, 2006, is attached as Exhibit G.

34.     In accordance with standard business procedures at ACE, the Cancellation Notice would have been placed in an envelope addressed to MEL as the first named insured at the Connecticut mailing address on the Subject Policy.

35.     It was standard procedure for ACE to bring such cancellation notices to the post office in Wilmington, DE and to request that the US Postal Service issue a certificate of bulk mailing as proof of the letter's delivery into the custody of the Postal Service. A true and correct copy of the certificate of bulk mailing of the Cancellation Notice is attached as Exhibit H. It bears the name of MEL and the Connecticut mailing address on the Policy. The certificate of bulk mailing was maintained in the business records of ACE as proof of mailing of the notice.

36.     No premium payment was made by the deadline of July 10, 2006, and the Subject Policy was effectively cancelled as of that date.

37.     Despite the fact that the Subject Policy was effectively cancelled for the remainder of the policy term, ACE was still owed $2,763 in earned premium for the extension of the 2005 Policy as well as $5,363.50 in earned premium for the Subject Policy for the time that it was in effect from April 10, 2006 to July 10, 2006.  Accordingly, on August 30, 2006 and again on September 26, 2006, ACE sent separate notices to MEL at the Subject Policy's mailing address advising that both premiums were past due.  True and correct copies of those notices are attached as Exhibit I.

38.     ACE never received any premium payments for the Subject Policy.

39.     Upon information and belief, I understand that an individual named Indebir S. Sahni, who reportedly went by the name "Rana" Sahni, served as the retail broker for MEL and MHK in connection with the placement of the ACE international policies.  I am also informed that Sahni operated his insurance brokerage practice under companies named Scirocco Financial Group, Inc., I.S. Sahni, Inc. and Saghner Risk Managers LLC.

40.     Upon information and belief, ACE had no commercial dealings with Rana Sahni or any of his brokerage companies in connection with the placement of the Subject Policy or any other foreign casualty insurance policy.  Likewise, upon information and belief, ACE had no broker or agency agreements with Rana Sahni or any of his brokerage companies.

41.     Upon information and belief, Sahni had no actual authority from ACE to collect

the premium from MEL and MHK, nor did ACE ever confer any ostensible authority on Sahni to

collect the premium.

So Sworn this 13 day of June, 2012

I declare under penalty of perjury that the foregoing
is true and correct.

Patricia S. Thompson

# EXHIBIT G



**ace usa**

# International
# Advantage

## Commercial Insurance Policy
## Endorsements

## INTRODUCTION

This(ese) are your commercial insurance policy endorsements. They modify your coverage, please read them carefully. They may also add coverages to your existing policy.

### You, Your, We, Us, and Our

Throughout the policy and applicable endorsements, the terms "you" and "your" mean the person, people, or organization shown as the Named Insured in the Declarations. "We," "us," and "our" mean the insurance company issuing this policy. Besides you, there may be other people "insured" under certain parts of the policy.

### Word in Quotation Marks

Words and phrases that appear in quotation marks have the special meaning given to them in the Section - DEFINITIONS of the coverage form in which they appear.

### Insured

The word "insured" means any person or organization qualifying as such under the WHO IS AN INSURED sections of the coverage form in which they appear.

By signing and delivering the endorsement(s) to you, we state that it is a valid contract when counter-signed by our authorized representative.

**ACE AMERICAN INSURANCE COMPANY**

GEORGE D. MULLIGAN, Secretary

JOHN J. LUPICA, President



**ace usa**

# CANCELLATION NOTICE

ACE AMERICAN INSURANCE COMPANY

You are notified that we are herewith cancelling your policy indicated below, in accordance with its terms, and all liability thereunder will terminate, effective as stated below. Unearned premium, if any (if not tendered), will be refunded on demand.

Policy Number: PHFD36824268

Policy Term: 04/10/06 TO 04/10/07

Prepared by the ACE office located:
1 BEAVER VALLEY ROAD
WILMINGTON, DE 19803
Contact telephone number: 800.204.0518
Effective date of Cancellation: July 10, 2006

Notice is null and void if payment is received by effective date.
Cancelled location if different from insured's address:

INSURED NAME AND ADDRESS:
Maclaren Europe Limited  & Maclaren Hong Kong Limi

4 Testa Place
Nowalk, CT 06854

PRODUCER NAME AND ADDRESS:
Program Brokerage

1065 Ave of the America
New York, NY 10018

MORTGAGEE OR LOSS PAYEE:                    MORTGAGEE OR LOSS PAYEE:

RETURN PREMIUM: $

CANCELLATION BASIS:PRO RATA    CANCELLATION FACTOR:
0.751
DUE TO NON PAYMENT

IT2X83   01-2003            Page 1  of 1              JXM  06-27-2006

# EXHIBIT H

ACE0000196

# EXHIBIT I

10/02/2006 MON 9:30 FAX 203 354 4410 Maclaren USA, Inc.          ⓥ001/006

6 PAGES



Maclaren USA, Inc., 4 Testa Place, South Norwalk, CT 06854; Phone: 203-354-4400 Fax: 203-354-4410
4416

# FAX MESSAGE

This communication contains information that is confidential and may also be privileged. It is for the exclusive use of the addressee. If you are not the addressee please note that any distribution, copying or use of this communication or the information in it is prohibited. If you have received this communication in error, please telephone us immediately to arrange for its return. If any pages are illegible or in case of transmission problems please telephone sender on:

Number of pages including this page: 6

Date: 10/2/06

To: Mark Woollven

Fax Number: 44 1327 843436

From: Tom Zaren

Please examine attached &
act - per our phone talk
this AM.

RANA PHONE

001  917 647 5572

RANA FAX
845 426 0333

EXHIBIT
M M
00 3/7/2012

RANA
CAN YOU PLEASE LOOK AT THE FOLLOWING
PAGES FROM ACE AND ADVISE?
MANY THANKS
MARK WOOLLVEN

MEL00989

10/02/2006 MON 9:30 FAX 203 354 4410 Maclaren USA, Inc.                    002/006



Wilmington Financial Center     Phone: (302) 476-6078
Routing 1275                    Fax:   (302) 476-6185
One Beaver Valley Road          Rachel.Marsilii@ACE-INA.com
Wilmington, DE 19850
USA

Tuesday, September 26, 2006

Maclaren Europe Limited  & Maclaren Ho

4 Testa Place

Nowalk              , CT    06854


RE:              Policy Number PHF074674
                 Amount Due:  $2,763.00
                 Policy Period:  03/10/05-04/10/06

Your premium balance is past due.

We would appreciate your forwarding payment to our Lockbox at:

                    ACE USA
                    Dept. CH10123
                    Palatine, IL 60055-0123

within fifteen (15) days of the date of this letter in order to clear this past due account.
We have enclosed a self-addressed envelope for your payment convenience.


If you need additional information or have any questions, please call 1-800-323-6129
and I will be glad to assist you. If we do not receive payment for the entire balance
within fifteen days, this item will be referred to our collection agency for collection.


Sincerely,

*Rachel Marsilii*

Rachel Marsilii

Financial Analyst

Enclosure


One of the ACE Group of Insurance & Reinsurance Companies

MEL00990

10/02/2006 MON 9:30  FAX 203 354 4410 Maclaren USA, Inc.                                @003/006



**ace usa**

Named Insured: Maclaren Europe Limited  & Maclaren Hong Kong Limi

Policy Number:  PHFD36824268

Endorsement Number: 011                                    Effective:  April 10, 2006

Policy Year From: April 10, 2006                           To:  April 10, 2007

Company Name:   ACE American Insurance Company

| | | |
|---|---|---|
| Premium: [X] Included | [ ] $ _____ | Due When Coverage Begins: |

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## MINIMUM EARNED PREMIUM ENDORSEMENT

This endorsement modifies insurance provided under the following:

### INTERNATIONAL ADVANTAGE COMMERCIAL INSURANCE POLICY

The minimum premium for this insurance is $    7,500, and shall be considered fully earned as of the effective date of this endorsement.

All other terms and conditions remain unchanged.

10/02/2006 MON 9:30 FAX 203 354 4410 Maclaren USA, Inc.                          ☑004/006



*To: Rachel Marsilii*

**ace usa**

*Re: Maclaren Europe, Ltd*

Named Insured: Maclaren Europe Limited  & Maclaren

Policy Number: PHFD36824268

Endorsement Number: 010                    Effective: April 10, 2006

Policy Year From: April 10, 2006                To:  April 10, 2007

Company Name:  ACE American Insurance Company

| Premium: ☐ Included  ☒ $   25,311 | Due When Coverage Begins: |

## INTERNATIONAL ADVANTAGE
## COMMERCIAL INSURANCE RENEWAL DECLARATION

| LINE OF COVERAGE | LIMITS | | PREMIUM |
|---|---|---|---|
| COMMERCIAL GENERAL LIABILITY COVERAGE | $2,000,000 | each "occurrence" | $25,311 |
| | $2,000,000 | products/completed operations aggregate | |
| | $2,000,000 | personal & advertising injury aggregate | |
| | $1,000,000 | premises damage limit (each "occurrence") | |
| | $10,000 | medical expense limit (any one person) | |
| CONTINGENT AUTOMOBILE LIABILITY COVERAGE | NOT COVERED | each "accident" | |
| HIRED AUTO PHYSICAL DAMAGE | NOT COVERED | each one "accident" | |
| | NOT COVERED | each one Policy Period | |
| EMPLOYEE BENEFITS LIABILITY ENDORSEMENT | NOT COVERED | each claim | |
| | NOT COVERED | annual aggregate | |
| EMPLOYERS RESPONSIBILITY | | | |
| I.   BENEFITS FOR VOLUNTARY COMPENSATION | | | |
| North Americans: | NOT COVERED | | |
| Third Country Nationals: | NOT COVERED | | |
| Local Nationals: | NOT COVERED | | |
| II.   REPATRIATION | NOT COVERED | each employee | |
| | NOT COVERED | policy limit | |
| EMPLOYERS LIABILITY | | | |
| BODILY INJURY BY ACCIDENT | NOT COVERED | each accident | |
| BODILY INJURY BY DISEASE Including by "endemic disease" | NOT COVERED | each employee | |
| BODILY INJURY BY DISEASE including by "endemic disease" | NOT COVERED | policy limit | |
| AD&D | NOT COVERED | | |
| COMMERCIAL PROPERTY | NOT COVERED | | |
| CARGO | NOT COVERED | "personal property" in transit | |
| K&E | NOT COVERED | per cause of loss | |
| TOTAL PREMIUM | | | $25,311 |
| TOTAL MINIMUM EARNED PREMIUM: | | | |

### PREMIUM AUDIT DOES NOT APPLY

All other terms and conditions remain unchanged
Not valid unless countersigned by a duly authorized representative

Program Brokerage

1065 Ave of the America
New York, NY 10018

*843436*

IT1336    04-2003                    Page 1  of 1                    MEL00992
                                                                      DCF  04-17-2006

10/02/2006 MON 9:31 FAX 203 354 4410 Maclaren USA, Inc. ☒005/006



ace usa

Wilmington Financial Center    Phone: (302) 476-6078
Routing 1275                   Fax:    (302) 476-6185
One Beaver Valley Road         Rachel.Marsilii@ACE-INA.com
Wilmington, DE 19850
USA

---

Wednesday, August 30, 2006

Maclaren Europe Limited  & Maclaren Ho

4 Testa Place

Nowalk                    , CT    06854

RE:          Policy Number D36824268
             Amount Due:  $5,363.50
             Policy Period:  04/10/06-07/10/06

Your premium balance is past due.

We would appreciate your forwarding payment to our Lockbox at:

             ACE USA
             Dept. CH. 10678,
             Palatine, IL 60055-0678

within fifteen (15) days of the date of this letter in order to clear this past due account.
We have enclosed a self-addressed envelope for your payment convenience.

If you need additional information or have any questions, please call 1-800-323-6129
and I will be glad to assist you. If we do not receive payment for the entire balance
within fifteen days, this item will be referred to our collection agency for collection.

Sincerely,

*Rachel A. Marsilii*

Rachel Marsilii
Financial Analyst
Enclosure

One of the ACE Group of Insurance & Reinsurance Companies

MEL00993

10/02/2006 MON 9:31 FAX 203 354 4410 Maclaren USA, Inc. @006/006



**ace usa**

Named Insured: Maclaren Europe Limited  & Maclaren Hong Kong Limi

Policy Number: PHF074674

Endorsement Number: 009                    Effective: March 10, 2006

Policy Year From: March 10, 2005            To: March 10, 2006

Company Name:  ACE American Insurance Company

| Premium: ☐ Included | ☒ $ 2,763 AP | Due When Coverage Begins: |

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# POLICY TERM CHANGE

This endorsement modifies insurance provided under the following:

## INTERNATIONAL ADVANTAGE COMMERCIAL INSURANCE POLICY

It is agreed that the policy term is amended to read:
        March 10, 2005 to April 10, 2006

All other terms and conditions remain unchanged.