IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MACLAREN EUROPE LIMITED,

     Plaintiff,

-against-

ACE AMERICAN INSURANCE COMPANY,
a/k/a ACE USA,

     Defendant.

Index No.: 11-cv-4688 (HB)

## DECLARATION OF J. GREGORY LAHR, ESQ.

J. GREGORY LAHR, pursuant to 28 U.S.C. § 1746(2), declares under penalty of perjury that the following is true:

1. I am a partner with the firm Sedgwick LLP, attorneys for Defendant ACE American Insurance Company ("ACE") in this action.

2. I am admitted to practice before, and am in good standing with, the courts of the State of New York.

3. The statements made herein are true based upon my own personal knowledge and/or upon information and belief.

4. I submit this Declaration in support of ACE's motion for summary judgment.

5. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiff's Complaint in this action.

6. Attached hereto as Exhibit 2 is a true and correct copy of ACE's Answer in this action.

7. Attached hereto as Exhibit 3 are true and correct copies of documents produced by the State of New York Insurance Department on May 9, 2012, pursuant to ACE's request made under the Freedom of Information Law.

8. Attached hereto as Exhibit 4 are true and correct copies of documents produced by TD Bank, NA on April 20, 2012 regarding Sahgner Risk Managers, LLC, and May 10, 2012 regarding I.S. Sahni, Inc., pursuant to ACE's subpoena.

9. Attached hereto as Exhibit 5 is a true and correct copy of Plaintiff's Response to Defendant's Requests to Admit, dated May 16, 2012.

10. Attached hereto as Exhibit 6 is a true and correct copy of Plaintiff's Response to Defendant's First Set of Interrogatories, dated May 16, 2012.

11. Attached hereto as Exhibit 7 is a true and correct copy of a letter dated June 19, 2006, from Rana Sahni to Helen Lynch, produced by MEL as Bates No. MEL00996.

12. Attached hereto as Exhibit 8 is a true and correct copy of the Deposition of Sadiq Toama dated March 7, 2012, and attached exhibits.

13. Attached hereto as Exhibit 9 is a true and correct copy of the Deposition of Alan Magner dated March 28, 2012, and attached exhibits.

14. Attached hereto as Exhibit 10 is a true and correct copy of the Deposition of Thomas Zarem dated April 3, 2012, and attached exhibits.

15. Attached hereto as Exhibit 11 is a true and correct copy of the Deposition of Patricia Thompson dated April 24, 2012, and attached exhibits.

16. Attached hereto as Exhibit 12 is a true and correct copy of the Deposition of Farzad Rastegar dated May 10, 2012, and attached exhibits.

NY/950834v1

17.     Attached hereto as Exhibit 13 is a true and correct copy of excerpts from *MacGillivray on Insurance Law* (Sweet & Maxwell eds., 10th ed. 2003).

18.     Attached hereto as Exhibit 14 is a true and correct copy of <u>The Pacific & General Ins. Co. Ltd. v. Richard Dennis Hazell</u>, 1991 Folio No. 359 (Q.B. Oct. 18, 1996).

19.     Attached hereto as Exhibit 15 is a true and correct copy of <u>Arash Shipping Enter. Co. Ltd. v. Groupama Transport</u>, [2011] EWCA Civ 620 (C.A. May 6, 2011).

20.     Attached hereto as Exhibit 16 is a true and correct copy of <u>Micro Design Group Ltd. v. Norwich Union Ins. Ltd.</u>, [2005] EWHC 3093 (TCC Nov. 3, 2005).

So Sworn this 13 day of June, 2012

> I declare under penalty of perjury that the foregoing is true and correct.
>
> _____
> J. Gregory Lahr, Esq.

# EXHIBIT 3

Case 1:11-cv-04688-HB   Document 62   Filed 06/15/12   Page 4 of 17

## Orofino, Thomas

| | |
|---|---|
| **From:** | Dora.Lewis@dfs.ny.gov |
| **Sent:** | Wednesday, April 04, 2012 12:29 PM |
| **To:** | Orofino, Thomas |
| **Subject:** | FOIL Request re: all documents and information in connection with order issued February 6, 2009 revoking the agent/broker insurance licenses of I.S. Sahni, Inc. a/k/a Sahgner Risk Managers, LLC a/k/a Inderbir S. Sahni |
| **Attachments:** | pic13620.jpg; i.s. sahni inc., sahgner risk managers & inderbir s. sahni orderi.PDF |

(Embedded image moved to file: pic13620.jpg)

Andrew M. Cuomo                                                Benjamin M. Lawsky
Governor                                                       Superintendent

Thomas Orofino
Sedgwick LLP
125 Broad Street – 39th Floor
New York, NY  10004

RE:   Freedom of Information Law ("FOIL")
      FOIL Request Tracking No. 2012-000464-NYC

Dear Mr. Orofino:
   I write in response to the FOIL request that you submitted which has been assigned the above-referenced tracking number and seeks "…request all documents and information in your possession in connection with the revocation of the licenses of: (a) I.S. Sahni, Inc.; (b) Sahgner Risk Managers, LLC; and (c) Inderbir S. Sahn."

   Attached is the document responsive to your request:

      (See attached file: i.s. sahni inc., sahgner risk managers & inderbir s. sahni orderi.PDF)


   A copy of your request has been referred to the Consumer Assistance Unit, which will respond to you separately.



                                    Very truly yours,

                                    Dora Lewis
                                    Legal Assistant
                                    Office of General Counsel

N.Y. INS. DEP'T 0000001



STATE OF NEW YORK
INSURANCE DEPARTMENT
25 BEAVER STREET
NEW YORK, N.Y. 10004

---------------------------------X
In the Matter of the Applications
and/or Licenses of

I.S. SAHNI, INC., SAHGNER RISK
MANAGERS, LLC, and            : FINAL DETERMINATION AND ORDER
INDERBIR S. SAHNI,            : Docket No. 2006-0123-C
individually and as sublicensee,


                  Respondents. :
---------------------------------X

    A hearing having been held in this matter on November 3, 2008, before Associate Attorney Jeffrey A. Stonehill, the duly designated Hearing Officer, and the attached Hearing Officer's Report and Recommendation ("Report"), dated December 5, 2008, having been issued by the Hearing Officer pursuant to Section 304(b) of the Insurance Law;

    **NOW**, upon due consideration of the hearing record, the Hearing Officer's Report, and any comments or objections thereto submitted by the parties, it is hereby

    **ORDERED**, that the findings, conclusions, and recommendations of the Hearing Officer, as set forth in the attached Report, are accepted and adopted, and it is further

    **ORDERED**, that pursuant to Section 2110 of the Insurance Law, all licenses issued by the Insurance Department to the Respondents be and the same hereby are **REVOKED**, and all pending applications for licenses be and the same hereby are **DENIED**; and it is further

    **ORDERED**, that such revocation of licenses and denial of applications shall take effect ten (10) days after the mailing of a copy of this Final Determination and Order to the Respondents by certified mail at the Respondents' last known business address(es) or residence(s).

Dated:  New York, New York
         February 6, 2009

                                              ERIC R. DINALLO
                                              Superintendent of Insurance

                           By: _____
                               Martha A. Lees
                               Deputy General Counsel



STATE OF NEW YORK
INSURANCE DEPARTMENT
25 BEAVER STREET
NEW YORK, NEW YORK 10004

------------------------------------X
In the Matter of the Applications of    :
and/or Licenses of                      :
                                        :   **HEARING OFFICER'S**
I. S. SAHNI, INC., SAHGNER RISK         :   **REPORT AND**
MANAGERS, LLC, and                      :   **RECOMMENDATION**
INDERBIR S. SAHNI,                      :   **Docket No. 2006-0123-C**
individually and as sublicensee,        :
                                        :
                     Respondents.       :
------------------------------------X

To:   Hon. Eric R. Dinallo
      Superintendent of Insurance


This matter came on for hearing on November 3, 2008 at the office of the Insurance Department, 25 Beaver Street, in the City and County of New York, for the Respondents to show cause why all licenses issued by the Insurance Department to them should not be suspended or revoked, and why all pending applications for licenses or renewal thereof should not be denied, or why monetary penalties should not be imposed.

The proceeding began pursuant to Citation dated March 14, 2008, duly served upon the Respondents in accordance with Sections 303, 304, 305, and 2110 of the Insurance Law.

The Respondents appeared and were represented at the hearing by Terence Scheurer, Esq. The Department was represented by Beth Cohen, Esq.

Sworn testimony was taken, documents were received in evidence, and a stenographic record of the proceeding was made. On the basis of the entire record made herein and after due deliberation thereon, I find, conclude, and recommend as follows:

## FINDINGS OF FACT

1.  Respondent I. S. Sahni, Inc., by and through Respondent Inderbir S. Sahni as sublicensee, was licensed as an insurance agent pursuant to Section 2103(a) of the Insurance Law for the period that expired June 30, 2007. That same corporate entity, using

In the Matter of I. S. Sahni, Inc., et al.                                             Page 2

the same sublicensee, has a pending license application as an insurance broker pursuant to Section 2104 of the Insurance Law. Respondent Sahgner Risk Managers, LLC, by and through Respondent Inderbir S. Sahni as sublicensee, and Respondent Inderbir S. Sahni, individually, were licensed as an insurance agent and broker pursuant to Sections 2103(a) and 2104, respectively, for the periods that expired June 30, 2007 and October 31, 2008, respectively. Respondent Inderbir S. Sahni had been licensed for 20 years, has a few hundred clients, and earned net income between $100,000 and $150,000 in 2007. (Exh. 2; T. 51, 67, 69-73, 76). The Department retains disciplinary jurisdiction over licensees by issuing the Citation prior to the license expiration date, as was the case here with two of the Respondents, but also pursuant to Section 2110(h) of the Insurance Law.

2.      Respondent I. S. Sahni, Inc., by and through Respondent Inderbir S. Sahni as sublicensee, as retail insurance broker, sold a one-year inland marine insurance policy to their client, V. S. Sport Ltd., effective June 25, 2005. The insured paid the annual premium of $31,780.99 to the said Respondents in three installments: $5,000 by check dated May 19, 2005; $10,000 by check dated June 30, 2005; and $16,780.99 by check dated July 25, 2005. Those Respondents failed to remit any of the premium money due to Morstan General Agency, Inc. ("Morstan"), the agent for the Fireman's Fund Insurance Company, or to the insurer, or to refund same, or to otherwise properly account therefor. (T. 68, 79). Consequently, the insurer cancelled the insurance policy for nonpayment of premium, effective October 19, 2005. The insured had a gap in coverage until it replaced the policy elsewhere in January 2006. The earned premium due the insurer was $11,573.85. A partial payment of $8,594.40 was made by check issued by the said Respondents, and collected by Morstan on April 19, 2006, leaving a balance of $2,979.15 due the insurer that was finally paid in September 2008. (Exh. 3; T. 11-16, 47, 65-66).

3.      The said Respondents also owed a refund of unearned premium money of $20,207.14 to V. S. Sport Ltd. In a purported attempt to refund the balance of premium monies to the insured, the said Respondents issued three checks of $1,000 each, dated August 1, September 1, and October 1, 2007, payable to the insured. Each such check was dishonored by the bank upon which they were drawn. (Exh. 5; T. 21-22, 24, 64, 74). After the Department issued its Citation, the said Respondents issued two bank checks, each dated September 18, 2008, in the respective amounts of $5,000 and $10,000. After subtracting $15,000 from the amount due, $20,207.14, there appears to be a balance due of $5,207.14. The Department's examiner testified that the insured confirmed that all money due was repaid. (Exh. 4; T. 18-19, 35, 80, 84-86).

4.      Respondent Inderbir S. Sahni violated Section 2134 of the Insurance Law and Department Regulation 5 (11 NYCRR § 21.4) in that he changed his business address on July 20, 2006, he also changed his Park Avenue residential address, and regarding both addresses, he failed to notify the Department of said changes within 30 days. (Exh. 6, 8/24/06 tr., p. 7 & 9/27/06 tr., p. 6; Exh. 7; T. 31-33, 49-50).

N. Y. INS. DEP'T 0000004

In the Matter of I. S. Sahni, Inc., et al.                                                                Page 3

5.      The Department, in connection with its investigation, wrote to Respondent Inderbir S. Sahni by letters dated January 28 and February 19, 2008, requesting information and documentation. The Respondent's failure to respond to the letters as directed hampered and impeded the Department's investigation. (Exh. 7; T. 30-32).

6.      The Respondents, by not properly maintaining their books and records, failed to produce the documentation demanded by the Department for the examinations under oath conducted on August 24 and September 27, 2006. The Respondents claimed that between being fired by New York Life Insurance Company for doing property and casualty insurance work there without permission and the divorce proceeding between Respondent Inderbir S. Sahni and his wife, the books and records were placed in boxes, it was "too difficult" to keep track of current business records, they relied on a secretary and office staff to take care of the paperwork, they were not focused on office administration, they spent limited time at the office, and they did not know whose insurance policies were being paid. (Exh. 6, 8/24/06 tr., p. 6-8 & 9/27/06 tr., p. 5-8, 16-18, 20-21; T. 26-27, 45-46, 53-57, 87). At the hearing before me two years later, the Respondents claimed their records were still boxed up and not accessible. (T. 58-59, 80-83). The Respondents could have obtained records from their bank. By not providing relevant documentation demanded during the last several years, the Respondents' failure to cooperate hampered and impeded the Department's investigation. (Exh. 6 & 7; T. 30, 44, 48, 61, 63, 82).

## CONCLUSION

The credible evidence establishes that the Respondents do not take sufficient interest in complying with reasonable recordkeeping requirements or with cooperating with the Department's investigation pursuant to the Insurance Law. It was obvious to me from observing the testimony and demeanor of Respondent Inderbir S. Sahni that there was an imprudently low priority provided to the basic and necessary managerial elements of operating an extensive insurance business that serviced a few hundred insureds and earned income in excess of $100,000 last year. His testimony alluded to personal and family issues that seemed to distract him from fulfilling the fiduciary nature of his insurance obligations. He emphasized that he sold insurance outside the office and he was often not in the office. He signed checks prepared by his office staff and otherwise claimed to rely on the non-licensed employees without exercising close supervision. As a result, the Respondents issued a series of dishonored return premium checks, and did not know the status of certain insurance coverages or properly connect premium monies to the appropriate insureds' accounts. The Respondents' total failure to be in control of office recordkeeping extends to the present as the insurance files are either lost, out of their possession, or remain packed in boxes in the parental basement that Respondent Sahni can not bring himself to recover and organize. In consequence, the Respondents acted with incompetency and untrustworthiness during a period of two years in not providing the required documents to the Department and in failing to reply to Department inquiries. The same disinterest to act properly as a Department licensee caused Respondent Sahni to take two years before he fully repaid the insurer the earned premium due on the V. S. Sport

In the Matter of I. S. Sahni, Inc., et al.                                               Page 4

Ltd. transaction or to refund the full amount of the unearned premium to the insured whose insurance coverage had been cancelled as a consequence of the Respondents' incompetency and untrustworthiness. Notably, the delayed remedial action was not completed until after the Department issued the Citation.

The apparent inability or lack of focus of Respondent Sahni to meet insurance deadlines was further demonstrated by his testimony that he waited to take his required education classes until the last day of his licensed period of time and that he failed to timely submit his license renewal application that was due no later than the Friday before the Monday hearing, thereby causing an expiration in his licensing status.

I conclude that it is just as well that the Respondents are no longer licensed because I do not trust their adherence to the rigor of industry and Department standards. Perhaps at a later date the Respondents may be better prepared to act as licensees and successfully apply for a license but at present, with so many apparent distractions in Respondent Sahni's life, they have not demonstrated their fitness to meet the high standards required of any Department licensee.

### RECOMMENDATION

In accordance with the foregoing Findings of Fact and Conclusion, I recommend that all licenses issued to the Respondents should be revoked and any pending applications for licenses should be denied.

Respectfully submitted,

*Jeffrey A. Stonehill*

Jeffrey A. Stonehill
Hearing Officer

Dated: New York, NY
        December 5, 2008



Exh. 1
11/3/08
*MN*

**STATE OF NEW YORK
INSURANCE DEPARTMENT
25 BEAVER STREET
NEW YORK, NEW YORK 10004**

------------------------------------X
In the Matter of the Applications
and/or Licenses of

**I. S. SAHNI, INC.,
SAHGNER RISK MANAGERS, LLC.,** and
**INDERBIR S. SAHNI,**
individually and as sublicensee,

            Respondents.
------------------------------------X

CITATION
No. 2006-0123-C

**TO THE ABOVE NAMED RESPONDENTS:**

      YOU ARE HEREBY CITED to appear at a hearing to be held at the office of the New York State Insurance Department, 25 Beaver Street, New York, NY 10004, 4th Floor, on the **7th day of May, 2008, at 10:00 a.m.**, to show cause why all licenses issued to you should not be suspended or revoked, and why all pending applications for licensure or renewal thereof should not be denied, or a monetary penalty imposed, by reason of the charge(s) and specification(s) hereinafter set forth:

### CHARGE I

**RESPONDENTS HAVE DEMONSTRATED UNTRUSTWORTHINESS AND/OR INCOMPETENCE TO ACT AS INSURANCE PRODUCERS WITHIN THE MEANING OF SECTION 2110 (a) (4) OF THE INSURANCE LAW.**

Specification A

    1.    Respondents I.S Sahni, Inc. and Inderbir S. Sahni collected insurance premium payments totaling $31,780.99 from an insured, VS Sports Ltd., as follows: $5,000.00 on or about May 19, 2005, $10,000.00 on or about June 30, 2005 and $16,780.99 on or about July 25, 2005 for a renewal policy effective June 25, 2005. Respondents I.S Sahni, Inc. and Inderbir S. Sahni failed to remit or otherwise account for said insurance premium payments causing the insured's policy to be cancelled, effective October 19, 2005, due to nonpayment of premium.

N.Y. INS. DEP'T 0000007

In the Matter of I. S. Sahni, Inc., et al.                                                Page   2

2. After cancellation of the policy, on or about April 19, 2006 and December 19, 2006, respectively, Respondents remitted approximately $12,862.56 of the premium due the insurer for the coverage provided to the insured from June 25, 2005 through October 19, 2005. To date, Respondents failed to return to the insured approximately $18,918.43.

Specification B

3. During the approximate period of August, 2007 through October, 2007, Respondents issued three (3) checks returning part of the insurance premium payments owed to the insured as stated above, totaling $3,000.00, that were dishonored by the bank upon which they were drawn. To date, Respondents failed to replace the aforementioned checks totaling $3,000.00.

Specification C

4. The Department sent an audit letter to Respondents dated June 14, 2006 directing Respondents to appear at the Department on July 6, 2006, submit a copy of the complete VS Sports, Ltd. file as well as premium and operating account records for the period January 1, 2005 to May 31, 2006. After numerous adjournments, Respondents appeared before the Department on August 24, 2006 and September 27, 2006, but failed to submit the requested documents, thereby hampering and impeding the Department's investigation.

Specification D

5. On or about January 29, 2008 and February 19, 2008, the Department sent letters to Respondents directing that they submit to the Department information and documentation relating to aforementioned matters. Respondents failed to respond to the Department's letters, thereby hampering and impeding the Department's investigation.

Specification E

6. In connection with the Department's investigation of the foregoing, Respondent Inderbir S. Sahni made false statements during Department Examinations Under Oath conducted on or about August 24, 2006 and September 27, 2006, respectively, with respect to the repayment of the money owed to the insured, VS Sports, Ld., in that Respondent stated he had made arrangements to repay the insured by the end of 2006 when in fact he did not.

Specification F

7. Respondent violated Section 2134 of the Insurance Law and Department Regulation 7 (11 NYCRR § 23.4) in that he changed his business and/or residence addresses on or before January 29, 2008 and failed to notify the Department of said changes within thirty (30) days of the changes.

N. Y. INS. DEP' T 0000008

Case 1:11-cv-04688-HB   Document 62   Filed 06/15/12   Page 13 of 17

In the Matter of I. S. Sahni, Inc., et al.                                          Page   3

### CHARGE II

### RESPONDENTS IMPROPERLY WITHHELD, MISAPPROPRIATED OR CONVERTED MONIES OR PROPERTIES RECEIVED IN THE COURSE OF BUSINESS WITHIN THE MEANING OF SECTION 2110(a)(5) OF THE INSURANCE LAW.

8. The allegations set forth in paragraphs 1 through 5 of this Citation are repeated and realleged as if fully set forth herein.

### CHARGE III

### RESPONDENT HAS VIOLATED SECTION 2134 OF THE INSURANCE LAW AND DEPARTMENT REGULATION 7 (11 NYCRR § 23.4).

9. The allegations set forth in paragraph 7 of this Citation are repeated and realleged as if fully set forth herein.

**PLEASE TAKE FURTHER NOTICE THAT:**

(A) According to the records of the Insurance Department, Inderbir S. Sahni is licensed as a broker pursuant to Section 2104 of the Insurance Law and was licensed as an agent pursuant to Section 2103(a) of the Insurance Law until said license expired on June, 30, 2007. Inderbir S. Sahni is a Member and sublicensee of Sahgner Risk Managers, LLC which is licensed as a broker pursuant to Section 2104 of the Insurance Law. Inderbir S. Sahni was sublicensee of Sahni I. S. Inc. which was licensed as an agent pursuant to 2103(a) of the Insurance Law until said license expired on June 30, 2007. Inderbir S. Sahni is President and proposed sublicensee of Sahni I.S. Inc. which has pending an application for a license to act as a broker pursuant to Section 2104 of the Insurance Law. Respondents Inderbir S. Sahni and Sahni I. S. Inc. were under investigation by the Department regarding the foregoing matters prior to the expiration of the aforementioned agents' licenses.

(B) This citation is issued pursuant to Section 2110 of the Insurance Law and notice of this hearing is given to Respondents in accordance with the provisions of Sections 303, 304, 305 and 2110 of the Insurance Law.

(C) Respondents' attention is directed to a statement in plain language, attached hereto, entitled "Summary of Hearing Procedures", summarizing the provisions of Insurance Department Regulation 97 (11 NYCRR 4). <u>This statement contains important information concerning your rights and the Department's hearing procedures and should be read carefully.</u> A copy of Regulation 97 will be furnished upon request.

(D) Should Respondents fail to appear at the time and place fixed for the hearing or any adjourned date thereof, the hearing will proceed as scheduled and the disciplinary action, if any, may result in the imposition of a monetary penalty or in the

In the Matter of I. S. Sahni, Inc., et al.                                                                 Page   4

suspension or revocation of any licenses and/or the denial of all pending applications for licenses or renewal thereof.

Dated: New York, NY
       March 14, 2008

                                              NEW YORK STATE INSURANCE DEPARTMENT

                                       By: _____
                                              Beth Cohen
                                              Associate Attorney
                                              (212) 480–5249

**CERTIFIED & REGULAR MAIL**

Indebir H. Sahni
109 Deer Run
Roslyn Heights, New York 11577.

Indebir H. Sahni
500 Park Avenue, Apt. 18D
New York, NY 10022

Indebir H. Sahni
PO Box 428
Roslyn Heights, NY 11577

I. S. Sahni Inc.
c/o Indebir H. Sahni
120 Broadway, Ste #3700
New York, NY 10271

I. S. Sahni Inc.
PO Box 428
Roslyn Heights, NY 11577

I. S. Sahni Inc.
109 Deer Run
Roslyn Heights, New York 11577

Sahgner Risk Managers LLC
500 Park Avenue, Apt. 18D
New York, NY 10022

In the Matter of I. S. Sahni, Inc., et al.                                      Page   5

*Copy to:*

Terence C. Scheurer, Esq.
Terence Christian Scheurer, P.C.
Forest Hills Tower
118 - 35 Queens Boulevard – 15th Floor
Forest Hills, New York 11375

N. Y. INS. DEP'T 0000011



STATE OF NEW YORK
INSURANCE DEPARTMENT
25 BEAVER STREET
NEW YORK, NEW YORK 10004

## SUMMARY OF HEARING PROCEDURES

(Summary of Hearing Procedures for Adjudicatory Proceedings as Set Forth in Departmental Regulation No. 97 as Required by Section 303(3) of the State Administrative Procedure Act)

1. The Hearing will be held before an impartial hearing officer who will make a report of findings, conclusions, and recommendations to the Superintendent.

2. You must be ready, and prepared with your evidence, to present your case on the hearing date.

3. You may be represented by an attorney at the hearing.

4. Interpreter services shall be available for <u>deaf</u> persons, upon advance request, at no charge. Such request should be made as soon as possible by contacting the Department attorney who signed the Citation/Notice of Hearing.

5. You may file a written answer to the Citation/Notice of Hearing. If you do so, it should be delivered at least two days before the hearing date to the Department attorney who signed the Citation/Notice of Hearing. You will have a full opportunity at the hearing to dispute or explain any charges made against you in the Citation/Notice of Hearing whether or not you file an answer.

6. You may present evidence and have witnesses testify at the hearing. If you believe a Witness will not appear voluntarily and you do not have an attorney representing you, you may request the Office of Counsel to furnish you with a subpoena to compel the witness' attendance. If the Office of Counsel issues the subpoena, the service of the subpoena upon the witness and payment of all requires fees is your of all requires fees is your responsibility.

7. You may request a hearing officer's report and an opportunity to comment on it in writing before the Superintendent acts on the report. The request must be made to the hearing officer on the record prior to close of the hearing.

N. Y. INS. DEP'T 0000012

-2-

8. Prior to the commencement, a hearing may be postponed upon your request if there is a good reason why the hearing should not began on the scheduled date. To request a postponement you should contact the Department attorney who signed the Citation/Notice of Hearing as soon as possible. If the Department attorney does not consent, the request may be made to the supervising hearing officer who may grant the postponement upon a showing of good cause. A request for postponement may be required in writing.

9. A hearing in progress may be adjourned by the hearing officer at your request if you can give a good reason and support your request with written evidence, such as a letter from a doctor or a sworn statement (affidavit) that a witness will be unavailable on the hearing date.

10. If you do not appear on the denial of an application for license, your request will be deemed withdrawn.

11. <u>If you do not appear or are not represented at the hearing on a Citation, the hearing will take place as scheduled and a decision on the charges will be made. The decision may result in the revocation or suspension of your licenses and the denial of any pending applications, and such other action as may be permitted by law, including the imposition of monetary fines.</u>

12. If you <u>do not appear</u> at a hearing and a decision against you is issued, the hearing may be reopened upon a written application, if you satisfy the hearing officer that there are valid reasons for your failure to appear or your failure to request an adjournment or postponement and you have a meritorious case. If you <u>do appear</u> at the hearing and the decision is made against you, the hearing may be reopened on written request to the hearing officer if you can show newly discovered evidence or a compelling reason for such reopening. The application to reopen must be made within six months from the date of the Superintendent's decision.

13. Once a decision is made against you, you may, if you wish, take an appeal to the courts. This appeal must be made within four months from the date the decision was effective. <u>It should be emphasized that your right to take an appeal is not connected in any way with your right to reopen the hearing as described in paragraph 12 and an application to reopen does not extend your time to take an appeal to the courts.</u>